## A. F. Flournoy & Co. v. James H. Milling.

In an action to recover damages against a Sheriff, for trespass in the execution of a writ of sequestration, where the defendant excepts to plaintiff's demand, upon the ground that the latter has no cause of action against him, since he acted in his capacity of Sheriff, and in a legal manner, the exception should aver that the acts complained of in plaintiff's petition are the same and none other than those mentioned in the exception; yet, if this averment is not made on the trial, testimony to show that the acts were the same, is admitted without objection, effect must be given to this testimony.

Where a party holds goods merely as security for a debt, with a privilege on the same, he has no right to prevent the seizure of the goods by another party also claiming a privilege against the owner. The right of a party holding goods in this manner, is limited to a judicial proceeding to make his privilege available against the goods.

The Sheriff, when, resisted in the execution of a writ, is justifiable in using so much force as is necessary to make the seizure commanded in the writ.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J. *McGuire & Ray*, for plaintiffs and appellants. *S. L. Slack*, for defendant.

MERRICK, C. J. This case is correctly stated by appellants' counsel as follows:

"Plaintiffs allege: that, on the 19th December, 1859, they, as commercial partners, were in the legal and rightful possession of a building called and known as a cotton shed at said town of Trenton, and on that day were in the legal and actual possession of a large quantity of cotton then in said shed; that on said 19th December, 1859, *James H. Milling*, resident of your said parish and State, *violently*, *maliciously*, and *against the wish and consent* of petitioners, or either of them, with *force and arms*, broke down the door of said cotton shed, and took therefrom fifteen bales of said cotton, and carried the same away, and deprived your petitioners of the same; by which *forcible, tortious, malicious* and *violent acts of trespass*, petitioners have been damaged in the *injury to their property*, and *loss of property*, in the sum of one thousand dollars, and in the further sum of five thousand dollars as damage for the said *tortious, malicious* and *forcible acts of trespass*, of said *Milling*, in injury to their feelings and the outrages of their private rights, and in their costs necessarily incurred in asserting their rights.

"To this demand defendant filed the following exception: That plaintiffs have no cause of action against him, for the following reasons, to-wit:

"That in the service of said writ of sequestration, he was acting as Sheriff of the parish of Ouachita, and in his said official capacity, under the orders of the Twelth District Court for said parish.

"That previous to the service of said writ, he took from the said *F. McClendon* a bond of indemnity, as provided for by the statute of 18th March, 1858, which said bond was filed on the 19th December, 1859, in the records of the suit entitled *F. McClendon* v. *C. S. Scarborough et al*, No. 3049.

"That on the 21st February, 1860, before this suit was brought, against respondent, he assigned said bond of indemnity to the plaintiffs, in the presence of witnesses, and tendered them said assignment, and that said assignment was made in accordance with said statute of 18th March, 1858.

"This exception was sustained by the court, and the suit dismissed; from which judgment plaintiffs bring up this appeal."

FLOURNOY
v.
MILLING.

The plaintiffs contend that their action is that of trespass, and that on the exception, the allegations in their petition must be taken as true.

The exception in this case, it is true, is informal in not averring that the acts complained of in plaintiffs' petition are the same and none other than those mentioned in the exception; yet, as the testimony, on the trial of the same, was received without objection, under the well settled rules of law, effect must be given to the testimony.

The petition of intervention of the plaintiffs in the case of *McClendon* v. *Scarborough et al.*, makes it sufficiently certain, that the supposed trespasses complained of by the plaintiff in his petition were the acts of the Sheriff in the execution of the writ of sequestration issued against *Scarborough et al.*

Plaintiffs do not pretend to be the owners of the cotton seized in their intervention, but allege that they hold it as security, and have a privilege upon the same. It is, therefore, evident, from their own showing, that they had no right to prevent the seizure of the cotton by any other party also claiming a privilege against the defendants *Scarborough*. Their right was limited to a judicial proceeding to make their privilege available against the cotton. The complaint is not, as appears by the intervention, that the Sheriff used unnecessary violence in seizing the cotton; the complaint is that " he did, by *force and violence*, break open petitioners' warehouse or cotton shed, and take possession of said cotton *against the consent* of petitioners, and without any writ or process of any kind against petitioners."

It is clear, that the Sheriff had the right to take the property *of the defendants Scarborough* under the writ issued against them; and if the plaintiffs closed their warehouse, and refused to consent to allow the Sheriff to enter, he was justified in using so much force as necessary to make the seizure commanded by the writ.

The bond of indemnity, under the Act of 1858, covers not only the damages occasioned by the simple detention of the property, but also any other damage necessarily resulting from the act of seizure itself. Otherwise, it would not be a bond of indemnity.

The District Judge does not, therefore, appear to have erred in his conclusions upon the evidence adduced under the exceptions.

Judgment affirmed.